Nash, J.
 

 The principal question presented in this case was substantially decided by this Court in the case of
 
 Lewis,
 
 Admr.
 
 of Joseph Kemp
 
 v
 
 Smith, Exor. of William Kemp,
 
 4 Dev. & Bat. 326, The parties then were the same as in
 
 *235
 
 this case, except that, being at law, the plaintiff sued as ministrator with the will annexed of Joseph Kemp alone, and the decision was upon the same clause of Joseph Kemp’s will. In that case the Court ruled, that the plaintiff could not recover, because the assent of William Kemp to the legacy for life was an assent to the ulterior limitations over to John and D. W. Kemp. The legacy to John and D. W. Kemp, after the life estate given to William Kemp, was a vested legacy, subject to be divested by the birth to William of a son and that sons attaining the age of twenty one. William Kemp died without having any son, and of course the legacy to John and D. W. Kemp was not disturbed. It a legacy once vests, though liable to be divested on a contingency, it cannot be divested unless the contingency does happen, and, upon the death of the remainder man, passes to his representative. 1 Mad. ch. 16. 3 Meriv. 343.
 
 Harrison
 
 v Freeman, 5 Vesey 207.
 
 Smither
 
 v
 
 Willock.
 
 9 Vesey 234. We think therefore that the plaintiff is entitled to relief, but not to the particular relief he seeks. In all cases of a tenancy for life with remainder over, the remainder man is entitled to the aid of a Court of Chancery to prevent or restrain waste, and if the tenant for life of personal property aliens it fraudulently, he in remainder may either pursue the specific property in the hands of the alienee, or may by a bill in equity claim from the estate of (he tenant for life redress for the injury sustained from hin . We do not doubt that the tenant for life of personalties may rightfully sell his interest in them, and that his vendee will by such sale, acquire in the property sold the same interest as his vendor had, and when the tenant for life does so sell, the person in remainder has no claim upon the property itself, during the existence of the life estate, and can only ask the aid of a court of equity to the securing of it, and if it is destroyed his remedy is gone. He has no claim against the estate of the tenant for life; he has done only what the law allowed him to do. If however the tenant for life act in bad faith and sells the whole interest in the chattel, or sells it to a person for the purpose of being carried .out of the State or to
 
 *236
 
 one who he knows will so do, upon his death, his estate will be answerable to him in remainder for the value of the chattel sold, to be estimated at the time of the sale, together interest from the death of the tenant for life. If however the chattel sold, a negro for instance, has died during the life of the tenant for lifp, we hold that the remainder man has no claim for its value upon the estate of the tenant for life. The latter was entitled to the use during his life, and the remainder man was only entitled after his use ceased. So if the chattel has become, by lapse of time or some inevitable cause, deteriorated before the life estate falls in, the remainder man is entitled only to that which remains, and the value in that case would be estimated at the time of the death of the tenant for life, with interest from that time.
 

 The plaintiff is entitled to a decree for such of the slaves in the possession of the defendant, as are of the original stock or their increase, together with their hires since the death of William Kemp. It is referred to the Master to take an account of the other negroes, that were sold by William Kemp. lie will enquire and report, whether William Kemp in selling the said negroes disposed only of his life estate, or whether he sold them out and out, or any of them, or whether he sold them, or any of them with a view that they should be carried beyond the limit of this State, or whether he sold them, or any of them to persons he knew or had reason to believe would carry them beyond the limits of the State. The master will repoit the sums for which the estate of William Kemp ought to be answerable to the plaintiff for any such sales, upon the principles herein declared.
 

 Per Curiam, Decree accordingly,